**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **THOMAS HARDER**<br>**680 Lakefield Road**<br>**Grafton, WI 53024**<br><br>**Plaintiff**<br>**v.** | : | |
| | : | **NO.** |
| **UNION PACIFIC RAILROAD COMPANY**<br>**1400 Douglas Street**<br>**Omaha, NE 68179**<br><br>**Defendant** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., (FELA) and the Federal Locomotive Inspection Act which grants this Court jurisdiction over this action.

2. Plaintiff, Thomas Harder, is an adult individual residing at the above captioned address.

3. Defendant, Union Pacific Railroad Company, and successor in interest to Union Pacific Railroad and Southern Pacific Transportation, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as common carriers by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States.

4. Railroads and their facilities are notorious for having been contaminated from years of transporting toxic substances and from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

5. From 1979 to 1987, the Plaintiff was employed by the Defendant as a machinist and was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

6. During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings and along its right of ways, including but not limited to Defendant's facilities in Butler, Wisconsin, Plaintiff was exposed to various toxic substances and carcinogens including but not limited to petroleum based lubricants, solvents, diesel fuel/exhaust/benzene, heavy metals, creosote, manganese and rock/mineral dust and asbestos fibers.

7. Specifically, while working on locomotives, Plaintiff was exposed to petroleum based lubricants while working on the locomotives; solvents used to clean the various component parts of the diesel engine; diesel fuel/exhaust and benzene from the locomotive's exhausts; creosote from touching and kneeling on ties; manganese from welding fumes; silica from the locomotive's sand reservoirs and asbestos dust from brake shoes and insulation.

8. Plaintiff's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of lymphoma

9. Plaintiff's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

10. The Plaintiff's cancer and related diseases are the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

11. Defendant's negligence consisted of:

    (a) Failed to use ordinary care and caution to provide the Plaintiff with a reasonably safe place in which to work as required by the FELA;

    (b) Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's exposure to toxic materials and carcinogens;

    (c) Failed to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

    (d) Failed to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

    (e) Failed to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways

    (f) Failed to periodically test employees such as the Plaintiff for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff as to the test results;

    (g) Failed to warn the Plaintiff of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

    (h) Failed to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff, to carcinogens;

    (i) Failed to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens;

    (j) Failed to utilize low emissions fuel such as bio-

        diesel in the locomotives so as to reduce Plaintiff's exposure to benzene in diesel exhaust and;

    (k)    Failed to provide the Plaintiff with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

12. The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

13. As a direct result of the negligence of the Defendant railroad, the Plaintiff experienced and continues to experience and endure pain, suffering, inconvenience, irritation, annoyance; emotional distress and; incurred medical expenses associated with diagnosis and treatment.

14. Plaintiff suffers from a fear of death as a result of his cancer.

15. Plaintiff seeks all damages recoverable under the FELA.

16. Less than three (3) years before Plaintiff's Complaint was filed he first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, Thomas Harder, demands judgment against the Defendant, in a sum in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

                                    BERN CAPPELLI

Dated: February 12, 2018           BY:   /s/ Shawn M. Sassaman
                                             SHAWN M. SASSAMAN
                                             Attorney for Plaintiff
                                             101 West Elm Street
                                             Suite 215
                                             Conshohocken, PA  19428
                                             (610) 941-4444
                                             (610) 941-9880 fax