IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS HARDER, <br><br>          Plaintiff, <br><br>vs. <br><br>UNION PACIFIC RAILROAD COMPANY, <br><br>          Defendant. | **8:18CV58** <br><br> **ORDER** |

Plaintiff has moved for evidentiary hearings on the railroad's motions to exclude the testimony of Dr. Ernest Chiodo and Dr. Hernando Perez under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). (Filing Nos. 47 & 59).

As to Dr. Perez, his testimony and opinions expressed during his deposition do not raise complex issues. Dr. Perez essentially relied on the statements and workplace descriptions provided by the plaintiff to formulate opinions as to the extent of Plaintiff's exposure to diesel fumes and solvents and the measures the railroad should have taken to limit those exposures. The court need not hear testimony to understand Dr. Perez' opinions or to decide whether those opinions rest on a reliable foundation and are relevant to the issues raised.

As to Dr. Chiodo, I have thoroughly read his six-hour deposition. The deposition length was due, in large part, to the doctor's extensive explanations on nearly every question. Many of those answers did not actually answer the question posed, necessitating repeated questioning followed by additional lengthy responses. Throughout the deposition, Dr. Chiodo frequently expressed frustration with having to repeat his answers and again explain his reasoning,

and he often refused to answer an ostensibly repeated question based on a self-proclamation that his prior answer was sufficient. Dr. Chiodo clearly expressed his belief that he would not and need not say anything more; that his deposition explanations were enough.

The tenacity of defense counsel and the perseverance of Dr. Chiodo resulted in a deposition transcript that thoroughly explains Dr. Chiodo's opinions, the basis for those opinions, and the methodology he used to formulate them. So, the court need not hear Dr. Chiodo's live testimony before ruling on the motion to exclude his testimony under *Daubert*.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motions for an evidentiary hearing on the *Daubert* motions, (Filing Nos. [47](#) & [59](#)), are denied.

2) Defendant's pending *Daubert* motions and related motion for summary judgment are now deemed fully submitted.

January 8, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge